UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANIEL RICHARD HALL, III, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No. | 2:24-CV-11-KAC-CRW |
| CO NEWTON, CO CALDWELL, and KINGSPORT CITY JAIL, | ) |  |  |
| Defendants. | ) |  |  |

## **MEMORANDUM AND ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, has filed (1) a pro se complaint for violation of 42 U.S.C. 1983 [Doc. 1] and (2) two substantively identical motions for leave to proceed *in forma pauperis* [Docs. 3, 4]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 3] and **DENIES** the second [Doc. 4] as **moot** and (2) **DISMISSES** the Complaint for failure to state a claim upon which Section 1983 relief may be granted.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 3] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** that Motion [Doc. 3], and the Court **DENIES** his second motion for leave to proceed *in forma pauperis* [Doc. 4] as **moot**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot

Street, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v.*

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.   **Allegations**

Plaintiff claims that the last five times he has been arrested, "they" have refused to provide him with a mat, bed, and blanket, and have instead let "[him] sit on the hard concrete," where he "freeze[s] to death" [Doc. 1 at 3-4]. Plaintiff has sued Correctional Officers Newton and Caldwell and the Kingsport City Jail [*Id.* at 1, 3]. As relief, he asks the Court to ensure that he gets a mat, bed, and blanket if he gets arrested again [*Id.* at 5].

C.   **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. It is unclear from the Complaint whether Plaintiff was a pretrial detainee or an inmate at the time of the incidents in the Complaint. And this status makes a difference in the applicable law. If Plaintiff was a pretrial detainee, the Fourteenth Amendment would apply to his Section 1983 claims. *See Lawler as next*

3

*friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024). If, instead, he was an inmate, the Eighth Amendment would apply. *See id.* For purposes of screening Plaintiff's Complaint, it appears that Plaintiff was most likely a pretrial detainee when he was arrested and the Court presumes that he is entitled to the arguably greater protections of the Fourteenth Amendment[1].

A conditions-of-confinement claim has both an objective and a subjective component. *Spencer*, 449 F.3d at 728. The objective element requires an allegation of a "sufficiently serious" deprivation. *Id.* It is well established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Thus, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). As to the subjective element, a jail official may not punish a detainee through deliberate indifference to the conditions of his confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A jail official is deliberately indifferent to a pretrial detainee's conditions of confinement if he acts "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). "Conditions-of-confinement cases are highly fact-specific." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citation omitted).

---

[1] *See Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (describing the protections of the Due Process Clause to be "similar if not greater" than those under the Eighth Amendment) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998)); *see also Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020).

4

Here, while Plaintiff sued Defendants Newton and Caldwell, Plaintiff does not allege or set forth any facts indicating that either of these correctional officers has ever been personally involved in denying him a mat, blanket, and bed [*See* Doc. 1]. As such, the Complaint fails to state a Section 1983 claim against these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim).

And Defendant Kingsport City Jail, this is not an entity subject to suit under Section 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 238 F.3d 422, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Notably, the City of Kingsport, which runs the Kingsport Jail, is an entity subject to suit under Section 1983. But Plaintiff alleges no facts from which the Court can plausibly infer that this municipality may be liable under Section 1983 for the incidents in his Complaint. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Moreover, Plaintiff's allegations that unspecified officers have denied him a mat, blanket, and bed during his past five admissions to (presumably) the Kingsport City Jail do not state a conditions-of-confinement claim against any Defendant in this action. The Complaint includes no allegations allowing the Court to infer that any specified Defendant acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *See Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836). Because the Complaint fails to state a claim upon which relief may be granted under Section 1983, the Court **DISMISSES** this action

5

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 3] and **DENIED** the second [Doc. 4] as **moot**;

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

                              /s/ Katherine A. Crytzer
                              KATHERINE A. CRYTZER
                              United States District Judge